# <u>Exhibit A</u>

## ADVISOR AND ARRANGEMENT AGREEMENT
## (BUSINESS ADVISOR)

**THIS ADVISOR AND ARRANGEMENT AGREEMENT** (this "Agreement"), dated **JUNE 12, 2024** (the "Effective Date"), is by and between **OHA PAPI, LLC**, a Texas limited liability company d/b/a Simple Auto DFW (the "Company"), and **PRIMALEND CAPITAL PARTNERS, LP**, a Texas limited partnership (the "Advisor").

### ARTICLE 1
### SERVICES

Advisor shall provide advisory services to the Company from time to time at the Company's request, which advisory services shall include sourcing potential investment and acquisition opportunities and consulting with and advising the Company's management regarding the same (the "**Services**").

### ARTICLE 2
### FEES AND EXPENSES

**2.1 Fees**. The Company agrees to pay, and Advisor will earn an arrangement fee in an amount equal to **NINE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($950,000.00)**, paid at closing by the Company on acquisition opportunities originated by Advisor and presented to the Company.

**2.2 Expenses**. The Company shall reimburse the Advisor for reasonable travel and other business expenses that are incurred by the Advisor in the performance of the Services and are approved in advance by the Company, in accordance with the Company's general policies, as may be amended from time to time. Advisor shall provide the Company with an itemized list of all such expenses and supporting receipts with each invoice therefor.

### ARTICLE 3
### TERM AND TERMINATION

**3.1 Term**. This Agreement shall commence on the Effective Date and remain in full force and effect upon the Company's payment, and Advisor's receipt of the fee contemplated in Section 2.1 above.

**3.2 Termination**. Notwithstanding anything to the contrary, Advisor may terminate this Agreement at any time upon ten (10) days prior written notice, or on its own terms pursuant to Section 3.1 above.

**3.3 Effect of Termination**. Upon termination of this Agreement, Advisor shall immediately cease performing the Services. This Section 3 and the relevant portions of Section 4 shall survive any termination of this Agreement. Any termination of this Agreement shall be deemed a Termination of Services under this Agreement.

**3.4 Delivery of the Company Property**. Upon termination of this Agreement, or at any time the Company so requests, Advisor shall deliver immediately to the Company or destroy all property belonging to the Company, whether given to Advisor by the Company or prepared by Advisor in the course of rendering the Services, including all material in Advisor's possession containing proprietary information and any copies thereof, whether prepared by Advisor or others. Following termination, Advisor shall not retain any written or other tangible (including machine-readable) material containing any Company proprietary information.

### ARTICLE 4
### MISCELLANEOUS

**4.1 Assignment**. Neither party shall assign, sell, transfer, delegate or otherwise dispose of, whether voluntarily or involuntarily, by operation of law or otherwise, this Agreement or any or its rights or obligations under this Agreement; provided, however, the Company may assign, sell, transfer, delegate or otherwise dispose of this Agreement or any of its rights and obligations hereunder as part of a merger, consolidation, corporate reorganization, sale of all or substantially all of the Company's assets of the business to which Advisor's services relate, sale of stock, change of name or like event. Any purported assignment, sale, transfer, delegation or other disposition, except as permitted herein, shall be null and void. Subject to the foregoing, this Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

**4.2 Notices**. Any notice, request, demand or other communication required or permitted hereunder shall be in writing, shall reference this Agreement and shall be deemed to be properly given: (a) when delivered personally; (b) when sent by facsimile, with written confirmation of receipt by the sending facsimile machine; (c) five (5) business days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (d) upon receipt for an express courier, with written confirmation of receipt. All notices shall be sent to the address set forth on the signature page of this Agreement and to the notice of the person executing this Agreement (or to such other address or person as may be designated by a party by giving written notice to the other party pursuant to this Section).

**4.3 Severability**. If any provision of this Agreement, or the application thereof to any person, place or circumstance, shall be held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, such provision shall be enforced to the maximum extent possible so as to effect the intent of the parties, or, if incapable of such enforcement, shall be deemed to be deleted from this Agreement, and the remainder of this Agreement and such provisions as applied to other persons, places and circumstances shall remain in full force and effect.

**4.4 Governing Law**. This Agreement is to be construed in accordance with and governed by the internal laws of the State of Texas and shall be performable by the parties hereto in the county in Texas where Advisor's address set for the on Advisor's signature page hereof is located.

**4.5 WAIVER OF TRIAL BY JURY**. THE PARTIES EACH WAIVE THE RIGHT TO TRIAL BY JURY WITH REGARD TO ALL DISPUTES. The parties acknowledge that: (a) they are waiving the right to trial by jury; (b) they have each knowingly and voluntarily entered into this waiver of trial by jury; and (c) this Agreement shall evidence the parties' waiver of jury trial, and consent to bench trial, for all DISPUTES.

**4.6 Relationship of Parties**. This Agreement shall not be construed as creating an agency, partnership, joint venture or any other form of association, for tax purposes or otherwise, between the parties, and the parties shall at all times be and remain independent contractors. Advisor shall not be entitled to any of the benefits that the Company may make available to its employees, including, without limitation, group health, life, disability or worker's compensation insurance, profit-sharing or retirement benefits, and the Company shall not withhold or make payments or contributions therefor or obtain such protection for Advisor or its employees, contractors or agents. Advisor shall be solely responsible for all tax returns and payments required to be filed with or made to any federal, state or local tax authority with respect to Advisor's performance of services and receipt of fees under this Agreement. Advisor's responsibility hereunder shall be limited to advising the Company on matters specifically requested by the Company.

**4.7 Non-Exclusivity of Services**. Nothing herein shall be construed as prohibiting the Advisor or any of its affiliates from providing advisory services to, or entering into advisory agreements with, any other clients, including clients which may be interested in similar potential investment and acquisition opportunities, so long as the Services to the Company pursuant to this Agreement are not materially impaired thereby. Further, the Advisor is not obligated to advise the Company of any investment and acquisition opportunities the Advisor or its affiliates may pursue for its own account or other clients.

**4.8 Headings**. The headings used in this Agreement are for convenience only and shall not be considered in construing or interpreting this Agreement.

**4.9 Entire Agreement**. This Agreement is the final, complete and exclusive agreement of the parties with respect to the subject matter hereof

**4.10 Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall be considered one and the same agreement.

*[Signature page to follow]*

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed and delivered as of the Effective Date.

COMPANY:                                                ADDRESS:

OHA PAPI, LLC,                                          11700 Garland Road
a Texas limited liability company                      Dallas, Texas 75218

By: _Kathryn A. Gruner_
Name: Kathryn A. Gruner
Title: Manager


ADVISOR:                                                ADDRESS:

PRIMALEND CAPITAL PARTNERS, LP,                        3460 Lotus Drive, Suite 100
a Texas limited partnership                            Plano, TX 75075

By:      LNCMJ MANAGEMENT, LLC,
         a Texas limited liability company
         its General Partner


         By: _____
         Name: Mark A. Jensen
         Title: Manager


ADVISOR AND ARRANGEMENT AGREEMENT – SIGNATURE PAGE
PRIMALEND CAPITAL PARTNERS, LP – OHA PAPI, LLC